EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

## DISTRICT COURT CIVIL COVER SHEET
Clark County, Nevada

A- 16- 730678- C
XV

Case No. _____
*(Assigned by Clerk's Office)*

### I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Stephanie Bryson an individual; | North Vista Hospital, Inc., a corporation; |
| | DOES 1-10; AND ROE CORPORATIONS 11-20, inclusive; |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Gabroy Law Offices | |
| 170 S Green Valley Parkway, Suite 280 | |
| Henderson, NV 89012 | |
| (702) 259-7777 | |

### II. Nature of Controversy *(please select the one most applicable filing type below)*

#### Civil Case Filing Types

| Real Property | | Torts |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☒ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

| 1/22/2016 | |
|---|---|
| Date | Signature of initiating party or representative |

*See other side for family-related case filings.*

Electronically Filed
01/22/2016 11:04:49 AM

**CLERK OF THE COURT**

1   COMP
    GABROY LAW OFFICES
2   Christian Gabroy (#8805)
    Ivy Hensel (#13502)
3   The District at Green Valley Ranch
    170 South Green Valley Parkway, Suite 280
4   Henderson, Nevada 89012
    Tel    (702) 259-7777
5   Fax    (702) 259-7704
6   CHRISTIAN@GABROY.COM
    *ATTORNEYS FOR PLAINTIFF*

7

8                    DISTRICT COURT

9      EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA

10

11

12   STEPHANIE BRYSON, an individual;        Case No.: A-16-730678-C
                                             Dept.:
13                    Plaintiff,                      XV
     vs.
14
     NORTH VISTA HOSPITAL, INC., a           **Complaint**
15   corporation; DOES 1 through 10; and
     ROE Corporations 11 through 20,         **(Jury Demand)**
16   inclusive,
17                    Defendants.

18

19                         **COMPLAINT**

20        COMES NOW Plaintiff Stephanie Bryson ("Plaintiff" or "Bryson"), by and through

21   her attorneys, Christian Gabroy, Esq. and Ivy Hensel, Esq. of Gabroy Law Offices,

22   and hereby alleges and complains against Defendant North Vista Hospital, Inc.

23   ("Defendant" or "North Vista Hospital") as follows:

24                    **VENUE AND JURISDICTION**

25        1.      This is a civil action for damages under state and federal laws prohibiting

26   unlawful employment actions and to secure the protection of and to redress deprivation of

27   rights under these laws.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Page 1 of 9

2.     Jurisdiction and venue is based upon 28 U.S.C. § 2617(a)(2), NRS Chapter 613, *et. seq.*, and Plaintiff's claims under Nevada common law.  Further, Plaintiff demands a jury trial on all issues triable by jury herein.

3.     All alleged unlawful employment actions occurred in this judicial district.

### THE PARTIES

4.     At the time the relevant events occurred, Plaintiff, at all times relevant, was

(a) an individual residing in this judicial district;

(b) an employee of Defendant as that term is defined in the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611.

5.     At all times relevant, Defendant was a foreign corporation organized under the laws of Nevada and was Plaintiff's employer as that term is defined at 29 U.S.C. § 2611.

6.     At all times relevant, Defendant had custody and/or control over Plaintiff and her employment and was responsible for Plaintiff's labor and employment matters.

7.     DOE DEFENDANTS I-X, inclusive, are persons and ROE DEFENDANTS XI-XX, inclusive, are corporations or business entities (collectively referred to as "DOE/ROE DEFENDANTS"), whose true identities are unknown to Plaintiff at this time. These ROE CORPORATIONS may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, or joint venturers of Defendants.  Individual DOE DEFENDANTS are persons acting on behalf of or at the direction of any Defendants or who may be officers, employees, or agents of Defendants and/or a ROE CORPORATION or a related business entity.  These DOE/ROE Defendants were Plaintiff's employer(s) and are liable for Plaintiff's damages alleged herein for their unlawful employment actions/omissions.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE/ROE DEFENDANTS are revealed to Plaintiff.

## THE FACTS

8.      At all times relevant, Plaintiff was employed by Defendant.

9.      At all times relevant, Plaintiff was an exemplary employee. Plaintiff met and/or exceeded Defendant's performance expectations.

10.      On or about January 17, 2014, Plaintiff suffered a work related job injury. As Plaintiff was pushing a door closed, individuals on the other side of the door pushed in, causing Plaintiff to fall. As she was falling, Plaintiff hit her knee on the door.

11.      Plaintiff sought medical care. Plaintiff was diagnosed as having a contusion of the knee as well as a knee and leg sprain.

12.      As a result of her work related injury, Plaintiff suffered a compensable work related injury and sought a worker's compensation claim. See attached C-4 form hereto as Exhibit I.

13.      At all relevant times, Plaintiff informed Defendant of her work related injury, filed her workers compensation claim, and was discriminated against because of her work related injury and for her pursuit and filing of her workers compensation claim.

14.      Plaintiff was released to return to work on or about January 20, 2014 with restrictions of no prolonged standing and/or walking longer than five minutes per hour, no squatting and/or kneeling, no climbing stairs or ladders, the requirement of wearing a brace, and sitting 90% percent of the time.

15.      On or about February 6, 2014, Plaintiff became ill at work.

16.      On or about the same day of February 6, 2014, Plaintiff sought medical attention with her primary care doctor during Plaintiff's lunch break at or around 1 P.M.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

17.    After seeking medical attention from her primary care doctor, because Plaintiff was diagnosed as febrile, she was admitted into the emergency room at North Vista Hospital.

18.    Plaintiff notified her supervisor, Ms. Mary Jo Russo, an agent of Defendant, of her arrival to the emergency room.

19.    Plaintiff suffered from a serious health condition, cholecystitis.

20.    While in the emergency room, Ms. Melissa McCoy ("McCoy"), Director of Human Resources, visited Plaintiff, informed, and represented to her that she would be able to take Family Medical Leave Act ("FMLA") leave of absence. McCoy informed and represented to Plaintiff that she would take care of Plaintiff's FMLA paperwork and that Plaintiff would be approved for FMLA.

21.    Plaintiff, upon reliance of the above, believed and was informed that she was on an FMLA leave of absence.

22.    On or about February 7, 2014, Plaintiff had an endoscopy procedure completed.

23.    On or about February 7, 2014, Defendant provided Plaintiff access to her work laptop in order to allow Plaintiff to work while she was admitted to the hospital.

24.    On or about February 8, 2014, Plaintiff had laparoscopic surgery performed. Subsequently, Plaintiff was discharged to recover at home.

25.    Plaintiff was scheduled for a follow up appointment with her surgeon for a post-operation assessment on or about February 20, 2014.

26.    Plaintiff continued to work on several work projects while at home recovering from her surgery. In addition, Plaintiff continued to assist staff members with work related issues via email and text message.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

27.     On or about February 18, 2014, Plaintiff's supervisor, Melissa McCoy ("McCoy"), sent Plaintiff a text message asking when she was going to return to work. Plaintiff informed McCoy that she had not had her post operation assessment and would update McCoy after she met with her doctor.

28.     Plaintiff was not released to return to work due to complications.

29.     On or about February 20, 2014, Plaintiff notified McCoy that she was not released to return to work due to medical complications. Plaintiff continued to work from home during such time.

30.     On or about February 24, 2014, due to complications with her surgery, Plaintiff was required to get lab work done and an ultrasound completed. Plaintiff continued to work from home during such time. Plaintiff assisted and responded to work issues.

31.     On or about February 25, 2014, Defendant wrongfully terminated Plaintiff. Defendant stated and alleged that it had made several attempts to determine Plaintiff's intent to continue employment with Defendant. Defendant further falsely alleged that Plaintiff did not respond to such requests for information and, as a result, was terminating Plaintiff. See attached letter hereto as Exhibit II.

32.     On or about February 28, 2014, Plaintiff contacted her supervisor, McCoy, to inform McCoy that she was working and communicating with Defendant's staff. Plaintiff provided McCoy emails between Plaintiff and staff to show that she continued to work while on medical leave.

33.     On or about the same day of February 28, 2014, Plaintiff's surgeon faxed a progress report to Defendant, which provided that Plaintiff may not return to work. See attached patient work release form hereto as Exhibit III.

34.     On or about March 3, 2014, Plaintiff's supervisor, McCoy, provided that she

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

was informed that Plaintiff was working during Plaintiff's medical leave of absence. See attached correspondence hereto as Exhibit IV.

### COUNT I
### VIOLATION OF FAMILY MEDICAL LEAVE ACT

35.   Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 34 as if fully incorporated by reference herein.

36.   Plaintiff, by seeking and believing she took medical leave with the aid of agents of Defendant because of her serious medical condition, exercised her rights under FMLA.   Employer Defendant committed the aforementioned conduct including Plaintiff's termination in reckless and willful violation of Plaintiff's federally protected rights.   Defendant's aforementioned conduct including such termination of Plaintiff resulted in Defendant engaging in activity that chilled the exercise of Plaintiff's rights, caused interference, caused harassment, retaliated against Plaintiff for exercising her rights under the FMLA, and/or discriminated against Plaintiff in violation of the FMLA 29 USC § 2615 *et. seq.* Defendant's aforementioned conduct and resulting termination of Plaintiff was motivated by the exercise of Plaintiff's rights under FMLA and was in violation of the FMLA.

37.   Defendant discriminated against and discharged Plaintiff for exercising her FMLA protected rights.   Defendant did not allow Plaintiff to utilize her federally protected FMLA leave and terminated her while she was on a leave of absence.

38.   Defendant interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's rights under the FMLA.

### COUNT II
### TORTIOUS DISCHARGE – PUBLIC POLICY TORT
### PUBLIC POLICY OF PROTECTING EMPLOYEES WHO PURSUE WORKERS' COMPENSATION CLAIMS

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

39.     Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 38 as if fully incorporated by reference herein.

40.     Defendant terminated Plaintiff for reasons that violate Nevada's public policy against terminating employees for pursuing and filing workers' compensation claims. Defendant tortuously terminated Plaintiff for her pursuit and filing of her lawful workers' compensation claim.

41.     As a proximate result of Defendant's tortious discharge of Plaintiff, Plaintiff has suffered general, special, and consequential damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

42.     Defendant's acts and/or omissions were fraudulent, malicious, or oppressive under NRS 42.005. Pursuant to NRS 42.005 Plaintiff is entitled to an award of punitive damages in excess of Ten Thousand Dollars ($10,000.00).

43.     As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

<u>COUNT III</u>
<u>NEGLIGENT HIRING, TRAINING, & SUPERVISION</u>

44.     Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 43 as if fully incorporated by reference herein.

45.     Defendant had a duty of reasonable care to protect the Plaintiff from the negligent and/or careless actions of their own agents, officers, employees, and others.

46.     In addition, Defendant had a duty not to hire individuals with a propensity towards committing unlawful acts against Plaintiff, and to adequately train and supervise their employees in regards to all correct policies and procedures in regards to medical

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

leave, absence, and/or termination policies and procedures.

47.    In violation of that duty, Defendant damaged Plaintiff by failing to supervise, train, and hire appropriate personnel which resulted in damages including severe emotional distress, including but not limited to great mental and emotional harm, anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation, lack of appetite, loss of sleep and/or anxiety.

**COUNT IV**
**FRAUD/MISREPRESENTATION**

48.    Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 47 as if fully incorporated by reference herein.

49.    Defendant falsely represented to Plaintiff that Defendant would process Plaintiff's FMLA paperwork on her behalf and that Plaintiff was on approved medical leave of absence. Plaintiff reasonably relied on these representations. Despite these representations, Defendant did not intend to provide Plaintiff with FMLA leave of absence or any form of medical leave that would allow her to return to her job.

50.    Despite knowledge that such representations were false, Defendant willfully and deceptively failed to disclose to Plaintiff that Plaintiff would be terminated from her employment as a result.

51.    The representations were intended to induce Plaintiff to take time off of work and to believe that she had job security.

52.    Plaintiff justifiably relied on the representations made by Defendant.

53.    As direct and proximate result of the misrepresentations of Defendant and Plaintiff's justifiable reliance thereon, Plaintiff suffered actual, special, and consequential damages in excess of $10,000.00.

54.    The conduct by Defendant, as described herein, was fraudulent, malicious,

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

or oppressive under NRS 42. 005, entitling Plaintiff to an award of punitive damages.

55.    As a further, direct, and proximate result of the conduct of Defendant, Plaintiff has been compelled to retain attorneys to prosecute this action. Therefore, Plaintiff is entitled to an award of attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For general damages in excess of $10,000.00;

2.    For special damages in excess of $10,000.00;

3.    For consequential damages in excess of $10,000.00;

4.    For punitive damages in excess of $10,000.00;

5.    For liquidated damages in excess of $10,000.00;

5.    For injunctive relief;

6.    Such other and further relief as the Court may deem just and proper.

DATED this 22nd day of January 2016.

GABROY LAW OFFICES

By    _____/s/ Christian Gabroy_____

GABROY LAW OFFICES
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704
*ATTORNEYS FOR PLAINTIFF*

# Exhibit I

EMPLOYEE'S CLAIM FOR COMPENSATION/REPORT OF INITIAL TREATMENT
FORM C-4
PLEASE TYPE OR PRINT

**EMPLOYEE'S CLAIM - PROVIDE ALL INFORMATION REQUESTED**

| First Name | M.I. | Last Name | Birthdate | Sex ☐ M ☐ F | Claim Number (Insurer Use Only) |

| Home Address | | Age | Height | Weight | Social Security Number |

| City | State | Zip | Telephone |

| Mailing Address | City | State | Zip | Primary Language Spoken |

| INSURER | THIRD PARTY ADMINISTRATOR | Employee's Occupation (Job Title) When Injury or Occupational Disease Occurred |

| Employer's Name/Company Name | |

| Office Mail Address (Number and Street) | | Telephone |

| Date of Injury (if applicable) | Hours Injury (if applicable) am pm | Date Employer Notified | Last Day of Work After Injury or Occupational Disease | Supervisor to Whom Injury Reported |

| Address or Location of Accident (if applicable) |

What were you doing at the time of the accident? (If applicable)

How did the injury or occupational disease occur? (Be specific and answer in detail. Use additional sheet if necessary)

If you believe that you have an occupational disease, when did you first gain knowledge of the disability and its relationship to your employment? | Witness to the Accident (if applicable)

| Nature of Injury or Occupational Disease | Part(s) of Body Injured or Affected | Initial |

I CERTIFY...

| Date | Place | Employee's Signature |

**THIS REPORT MUST BE COMPLETED AND MAILED WITHIN 3 WORKING DAYS OF TREATMENT**

| Place | |

| Date | Diagnosis and Present Nature of Injury or Occupational Disease | Is there evidence that the injured employee was under the influence of alcohol or any controlled substance at the time of the injury? ☐ No ☐ Yes If yes, please explain |

| Hour | |

| Treatment | | Does your assessment permit to remain at work (full duty or modified duty)? ☐ Yes indicate dates from |

| X-Ray Findings | | Now if applicable, the injured employee released on: ☐ Full duty ☐ Modified duty |

From information given by the employee, together with medical evidence, can you directly connect this injury or occupational disease with employment? ☐ Yes ☐ No | If modified duty, specify any limitations/restrictions: |

Is additional medical care by a physician indicated? ☐ Yes ☐ No

Do you know of any previous injury or disease contributing to this condition or occupational disease? ☐ Yes ☐ No (Explain if yes)

| Date | Patient/Doctor's Name | I certify that the employer's copy of this form was mailed to the employer on: |

| Address | | |

| City | State | Zip | Provider's Tax I.D. Number | Telephone | **INSURER'S USE ONLY** |

| Doctor's Signature | | Degree |

COPY
COPY
Bryson 008

Exhibit II



North Vista
H O S P I T A L

1409 E. Lake Mead Blvd.
North Las Vegas, NV 89030
p: 702.657.5504
f: 702.657.5636
www.northvistahospital.com

February 25, 2014

Stephanie Bryson



Dear Stephanie,

You are currently on an unapproved leave of absence.  We have made several attempts to find out your intent to continue employment with North Vista Hospital.  However, you have not responded to these requests for information.  As a result of this non-compliance with our requests, your employment will terminate as of the date of this letter.  If you have any personal belongings in your office, please contact me at (702) 657-5771 to make arrangements to pick those up.

Sincerely,

Melissa McCoy
Director of Human Resources

# Exhibit III

## Patient Work Release

Brian Citro, M.D., P.C. • Stephen Vargo, MD
3150 N. Tenaya Way Suite 550 • Las Vegas, NV 89128
(702) 648-0400 • fax (702) 636-0249

Patient Name: _Bryson, Stephanie_

The above named patient was seen by me on _2/26/14_ to receive medical treatment.

Employee may not return to work at this time. He/She will be re-evaluated on _3.5.14_

---

Employee may return to work on _____ **with the following restrictions:**

☐ Without Restriction

or

☐ Within the following limitations:   *(limitations to remain in effect until* _____ *)*

_____ **SEDENTARY:**   Lifting 10 lbs. maximum. Occasionally lifts or carried small items. Some walking and standing may be necessary.

_____ **LIGHT WORK:**   Lifting 20 lbs. maximum. Lifting and carrying up to 10 lbs. Some pushing or pulling acceptable.

_____ **MEDIUM WORK:**   Lift 50 lbs. maximum with frequent lifting and carrying up to 50-70 lbs.

_____ **HEAVY WORK:**   Lift 70-100 lbs maximum with frequent lifting and carrying up to 50-70 lbs.

---

Stephen Vargo, MD                                _2.28.14_
                                                              Date

Exhibit IV



1409 E. Lake Mead Blvd.
North Las Vegas, NV 89030
p: 702.657.5504
f: 702.657.5636
www.northvistahospital.com

March 3, 2014

Stephanie Bryson



Dear Stephanie,

During our phone conversation on 2/27/14, you informed me that you had been working during your medical leave. Thank you for bringing this to my attention. Because you were working during the 2/16/14 – 3/1/14 pay period, we will pay you for the entire pay period. In review of your MTO accrual and usage, you accrued 30.75 hours since 1/1/14 and have used 65 hours therefore you are not eligible for an MTO payout.

As previously communicated to you, you are currently on an unapproved leave of absence, therefore, your termination of employment stands. If you have any personal belongings in your office, please contact me at (702) 657-5771 to make arrangements to pick those up.

Sincerely,

Melissa McCoy
Director of Human Resources

Bryson 007

IAFD
Gabroy Law Offices
Christian Gabroy (#8805)
Ivy Hensel (#13502)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel     (702) 259-7777
Fax     (702) 943-1936
christian@gabroy.com
Attorneys for Plaintiff

**DISTRICT COURT**

**EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

STEPHANIE BRYSON, an individual;

        Plaintiff,

vs.

NORTH VISTA HOSPITAL, INC., a corporation; DOES 1 through 10; and ROE Corporations 11 through 20, inclusive,

        Defendants.

Case No.
Dept.

**Initial Appearance Fee Disclosure**

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

| | |
|---|---|
| Stephanie Bryson, Plaintiff | $270.00 |
| TOTAL REMITTED | $270.00 |

///

///

///

///

Page 1 of 2

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Dated this 22nd day of January 2016.

1

2

3

4

5

6                                          GABROY LAW OFFICES.

7                                          By:   /s/ Christian Gabroy
                                           Christian Gabroy (#8805)
8                                          Ivy Hensel (#13502)
                                           170 South Green Valley Parkway,
9                                          Suite 280
                                           Henderson, Nevada 89012
10                                         Tel     (702) 259-7777
                                           Fax     (702) 259-7704
11                                         christian@gabroy.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704